# zatuchni & associates

### Attorneys At Law

New York                    Newark

Zatuchni & Associates, LLC
287 South Main Street, Suite 17
Lambertville, New Jersey 08530
Tel  609 243-0300
Fax  609 243-0333
www.zatuchniassociates.com

Writer's Email
davidz@zatuchniassociates.com

February 15, 2012

**VIA ECF**
Hon.  Michael A. Shipp, USMJ
District Court of New Jersey
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

>          Re:      **Frazier v. Bed Bath and Beyond, Inc. and Gary Newton**
>                   **Civil Action No. 2:10-cv-5398**

Dear Judge Shipp:

This office represents Plaintiff Kevin Frazier in the above matter.  Pursuant to Your Honor's permission to file these papers given during the telephonic conference on February 1, 2012, please accept this Letter Brief in support of Plaintiff's Motion To Preclude Use of Certain Late Produced Documents by Defendants Bates Marked BBB/F 860 through BBB/F 894.  These documents comprise email communications between Plaintiff Kevin Frazier and co-worker Lisa Del Rey.

As discussed more fully below, Plaintiff seeks preclusion of use these documents by Defendants as a discovery sanction under Rule 37 because (1) they were <u>not</u> properly produced pursuant to FRCP 26, and (2) they were specifically requested and <u>not</u> produced in response to Plaintiff's Request for Production of Documents.   Defendants produced these

# zatuchni & associates

Attorneys At Law

Hon. Michael A. Shipp, USMJ
February 15, 2012
Page 2

documents only one week before the close of discovery **after** Plaintiff had been deposed and undersigned had already deposed Ms. Del Rey.

Defendants have maintained to the court in correspondence and during a telephonic conference that the documents were produced late because Defendants supposedly did not know that Mr. Frazier's relationship with Ms. Del Rey was an issue in this case. This is incorrect. Defendants' counsel asked specific questions <u>during</u> Mr. Frazier's deposition about this relationship, while at the same time *withholding* the emails between the two relating to this relationship until the close of discovery.

Second, Defendants have told the court that certain emails were supposedly *deleted* <u>by Mr. Frazier</u> while employed at BB&B, and these were only recovered after Mr. Frazier was deposed. Again, this cannot possible be an excuse with respect to *any* of the emails at issue herein. All of these emails were at all times under both Mr. Frazier's <u>and</u> Ms. Del Rey's email addresses at BB&B and therefore at all time could have and must have been searched <u>through</u> <u>*Ms. Del Rey's computer and/or account*</u> for correspondence with Mr. Frazier.

## BRIEF FACTUAL BACKGROUND

**A.      Underlying Case**

Mr. Frazier was hired by Defendant Bed Bath & Beyond, Inc. (BB&B) in May 2007 as a Database Administrator in the Internet Technology Department.   Mr. Frazier was supervised by David Ortiz, the Department Director.  Mr. Frazier worked with two other database administrators, Lisa Del Rey and David Rubin (who worked remotely).

# zatuchni & associates

Attorneys At Law

Hon. Michael A. Shipp, USMJ
February 15, 2012
Page 3

On August 11, 2008, Mr. Frazier received an email from his co-worker Lisa Del Rey, The email is entitled "WHY – WHY – WHY!!!!! YOUR FOLK GOTTA BE SO GHETTO?????" and contains seventeen offensive and racially charged images and depictions of African-Americans with corresponding racist captions. Although Mr. Frazier found the contents of the email to be highly offensive, he decided to let it go at the time and not make any complaint.

On November 4, 2008, Mr. Frazier received another racist email from another co-worker, David Rubin. (Mr. Rubin actually provides database administration services to BB&B as an independent contractor.) This email is entitled "Ghetto SpongeBob" and depicts a deceased victim of Hurricane Katrina, a naked African-American male wrapped in a sponge like mattress.

Although at first glance thinking the "Ghetto SpongeBob" email to be humorous, upon a second and closer look, Mr. Frazier found the "Ghetto SpongeBob" email to be callous and racially insensitive, if not outright offensive. At this point, Mr. Frazier contacted Human Resources, showed the HR Rep the "Ghetto SpongeBob" email and stated that he did not wish to receive such offensive material in the future.

The HR Rep inquired of Mr. Frazier if he had received any other offensive material from any co-workers during his tenure at BB&B. Faced with this specific inquiry, and wanting to be truthful, Mr. Frazier responded that he had, and at that point provided to HR the

# zatuchni & associates

Attorneys At Law

Hon. Michael A. Shipp, USMJ
February 15, 2012
Page 4

"WHY YOUR FOLKS GOTTA BE SO GHETTO" email he received from Ms. Del Rey back
in August.

Almost immediately after contacting Human Resources, and for the first time in his
tenure at BB&B, Mr. Frazier was met with hostility and recriminations by his managers.  For
example, Mr. Frazier abruptly had his work schedule changed from a part-time rotating on-call
schedule to a full time ("24/7") on-call requirement without any corresponding increase in
compensation.  No other database administrator was placed on a similar 24/7 call schedule
requirement.  As was its purpose, as result of having to be on call all the time, Mr. Frazier was
precluded from being able to travel any material distance from his home or even go away for
weekends, causing a substantial limitation on Mr. Frazier lifestyle and consequent emotional
distress.

As a further example of retaliatory hostility, Mr. Frazier was also assigned to work
with new database technology without the standard training provided to all other database
administrators.  Mr. Frazier was advised that he had to learn the new technology "on his own"
or he would face termination.  When Mr. Frazier requested to meet with Director Ortiz
regarding this situation, he was explicitly threatened.  During the meeting, Ortiz told Mr.
Frazier "If you do not stop smiling, I will give you something to smile about."

Concerned that he was now being targeted for retaliation, Mr. Frazier filed a Charge
with the EEOC on February 29, 2009 against BB&B alleging retaliation.  After BB&B
received Mr. Frazier's EEOC Charge, the retaliation against Mr. Frazier then escalated further.

# zatuchni & associates

#### Attorneys At Law

Hon. Michael A. Shipp, USMJ
February 15, 2012
Page 5

In his *prior* performance review before any protected conduct, Mr. Frazier received a score of Exceeds Expectation.

Now, on May 7, 2009, after his complaints to Human Resources and the EEOC, Mr. Frazier received a significantly downgraded performance review of only Satisfactory which contained numerous false statements and criticisms regarding his work performance.

Mr. Frazier expressed his belief during the evaluation meeting with his supervisor that many of the statements in the performance review were knowingly false and pretextual, and that this downgrading of his performance rating from the prior year was another example of the continued retaliation against him.

Several days later, on May 11, 2009, Mr. Frazier was called into a meeting with his managers and summarily terminated.  Mr. Frazier was told that he "could no longer be trusted" because of his complaint to the EEOC.

Unable to point to any performance deficiencies by Mr. Frazier of any kind, BB&B claims that it terminated Mr. Frazier because he was purportedly "inappropriate" and insubordinate to his supervisor upon receiving his performance evaluation.  This is of course entirely disputed by Mr. Frazier, who asserts that he at all times acted professionally and it was his supervisor that got heated and angry when Mr. Frazier expressed his belief that certain statements in the evaluation were untrue and pretextual.

**B.**      **Course of Litigation**

This matter was filed on October 10, 2010.

# zatuchni & associates

Attorneys At Law

Hon. Michael A. Shipp, USMJ
February 15, 2012
Page 6

Defendants produced their Rule 26 Disclosures on April 5, 2011.  (Exhibit A)   At that time, Defendants did not produce any of the documents subsequently bates marked BBB/F 860 through BBB/F 894.

Plaintiff served his Requests for Production of Documents on May 19, 2011.  Request No. 6 explicitly demanded "any all emails in defendant employer's computer system that refer to or mention Plaintiff Kevin Frazier." (emphasis added) (Exhibit B)

Mr. Frazier's deposition was held on December 8, 2011.  At this deposition, Defendants' counsel asked specific questions of Mr. Frazier regarding his relationship with Ms. Del Rey and the extent and manner of their communications with each other.   Mr. Frazier was made to answer these questions without the been of having received the production of BBB/F 860 through BBB/F 894.  (Exhibit C, Dep. at 72-74).

Undersigned deposed Ms. Del Rey on December 13, 2011. (Exhibit D).  Undersigned had to conduct this deposition without the benefit of ever having seen BBB/F 860 through BBB/F 894.

On January 5, 2012, Defendants finally produced BBB/F 860 through BBB/F 894. (Exhibit E).  These documents consist of email exchanges between Mr. Frazier and Ms. Del Rey.

At the time, the discovery end date was January 16, 2012.

# zatuchni & associates

Attorneys At Law

Hon. Michael A. Shipp, USMJ
February 15, 2012
Page 7

The Court has subsequently allowed the parties through March 1, 2012 to conduct

additional depositions of four (4) new witnesses also named by Defendants for the first time

on January 5, 2012.

## LEGAL ARGUMENT

There can be no reasonable dispute that, given Defendants' intent to use documents

bates marked BBB/F 860 through BBB/F 894 at trial in this matter, it was incumbent on

Defendants to produce these documents (1) first with their Rule 26 Disclosures, and (2) also in

response to Plaintiff's Request for Documents prior to critical depositions in this matter.

Defendants failure to make these documents available _prior_ to the deposition of Mr.

Frazier has prejudiced Mr. Frazier in his preparations for his deposition and thus has

prejudiced his preparations "for trial" in this matter.   It is well established that "[o]ne of the

purposes of the rules of discovery is to enable any party to obtain information, as well as

evidence, that will aid in preparation for trial. Preparation for trial means preparation on

all phases of the case." Fox v. House, 29 F.Supp. 673, 676 (D.C.OKL. 1939)(emphasis

added).  Indeed, courts have consistently understood that producing relevant documents

to a party only after important, pertinent deposition can constitute sanctionable prejudice

that is impermissible under the Federal Rules. See e.g. Zoltek Corp. v. U.S., 71 Fed.Cl.

160, 168 -169 (Fed. Cl. 2006)(defendant's waiting until after important deposition had

taken place to produce relevant documents constituted "trial by ambush" that was

prejudicial under Rule 37(1)(c)); Vieste, LLC v. Hill Redwood Development, 2011 WL

# zatuchni & associates

Attorneys At Law

Hon. Michael A. Shipp, USMJ
February 15, 2012
Page 8

2181200, 8 (N.D.Cal. 2011)(Defendants precluded from using certain documents at trial where, *inter alia*, Defendants produced the documents only after key depositions were taken); Crown Castle USA Inc. v. Fred A. Nudd Corp., 2010 WL 1286366, 17 (W.D.N.Y. 2010)(late production of documents after depositions caused prejudice to opposing party and dilatory party ordered to bear costs of any depositions or re-deposition necessitated by late production); Lava Trading, Inc., Hartford Fire Ins. Co., 2005 WL 459267, 15 (S.D.N.Y. 2005)(ordering the preclusion of use of certain documents "supportive of plaintiff's contentions in the case" where plaintiff late produced these documents after depositions).

In correspondence with undersigned and in colloquy with the Court, Defendants' counsel has propounded two reasons for the late productions of BBB/F 860 through BBB/F 894.

First, Defendants' counsel stated that they purportedly did not know that Mr. Frazier's relationship and communications with Ms. Del Rey were going to be relevant or "in dispute" in this matter until after Mr. Frazier's depositions. This is nonsense. Given that one of the offensive emails of which Mr. Frazier made Human Resources aware came from Mr. Del Rey, of course the relationship and interactions between the two were at all time going to be highly relevant in this litigation. Indeed, this is *why* Defendants' counsel asked Mr. Frazier about this very subject during Mr. Frazier's deposition. It is disingenuous for Defendants to now claim that they did not believe they had to produce these documents because they did not know that

# zatuchni & associates

#### Attorneys At Law

Hon. Michael A. Shipp, USMJ
February 15, 2012
Page 9

communications between Mr. Frazier and Ms. Del Rey were relevant.   In short, Defendants

were asking Mr. Frazier during his deposition about his interactions and communications with

Ms. Del Rey *at the very time* that Defendants were withholding emails that constitute and

evidence that very relationship and interaction.  This is the *sine qua non* of "trial by ambush."

Second, Defendants' counsel has stated to the Court that Mr. Frazier had purportedly

deleted *certain* emails prior to his termination that were recovered by Defendant only after Mr.

Frazier's deposition in this matter.   During the telephonic conference with the Court,

Defendants counsel referred to a certain email between Mr. Frazier and Mr. Rubin (not Ms.

Del Rey), which has **nothing** to do with the documents BBB/F 860 through BBB/F 894 at

issue herein.     It is presently unclear therefore, whether Defendants counsel is asserting that

**all**  (or any) of the emails at issue contained in BBB/F 860 through BBB/F 894 were only

recovered from Mr. Frazier's deleted emails after his deposition.  If so, Defendants' counsel

should provide a sworn Certification to that effect.

Even if that were so, however, Defendants then still clearly did not comply with their

discovery obligations in good faith.   All of the emails contained in BBB/F 860 through

BBB/F 894, to which Ms. Del Rey was a party, must have necessarily also been in Ms. Del

Rey's email account or computer.   Are Defendants now asserting that they **never** inspected

*Ms. Del Rey*'s account for email communications with Mr. Frazier despite their Rule 26

obligations to do so and the specific request in Plaintiff Document Requests?

# zatuchni & associates

Attorneys At Law

Hon. Michael A. Shipp, USMJ
February 15, 2012
Page 10

In short, the emails contained in BBB/F 860 through BBB/F 894 were at all times clearly in Defendants' computer files in other locations apart from Mr. Frazier's deleted emails, and not reviewing Mr. Frazier's deleted emails can therefore offer no legitimate excuse for their non-production.   Either Defendants knew of these emails prior to Mr. Frazier's deposition and did not disclose them, or Defendant's never bothered to comply with their Rule 26 and discovery obligations in the first place by not searching Ms. Del Rey's computer files for these emails.  Given that Defendants have produced *other* emails from Ms. Del Rey, it is highly unlikely that Defendant never *previously* found BBB/F 860 through BBB/F 894 in Ms. Del Rey's business computer files.

## CONCLUSION

For the reasons set for the above, Plaintiff respectfully requests that Defendants be sanctioned under Rule 37 in being precluded from using documents bates marked BBB/F 860 through BBB/F 894 at trial.

Very truly yours,

David Zatuchni, Esq.

Attachments
Cc:  Matthew D. Batastini, Esq. (via ECF)

**EXHIBIT A**



**Proskauer** ≫   Proskauer Rose LLP   One Newark Center   Newark, NJ 07102-5211

A New York Limited Liability Partnership
Lawrence R. Sandak, Managing Resident Partner

Matthew D. Batastini
Attorney at Law
d 973.274.3295
f 973.274.3299
mbatastini@proskauer.com
www.proskauer.com

April 25, 2011

David Zatuchni, Esq.
Zatuchni & Associates, LLC
287 South Main Street (Route 29)
Lambertville, NJ 08530

Re:   Frazier v. Bed Bath & Beyond, Inc., et al.
      Civil Action No.: 2:10-cv-5398

Dear Mr. Zatuchni:

Enclosed please find Defendants' Final Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) in connection with the above-referenced matter.

If you have any questions, please do not hesitate to contact us at your convenience.

Very truly yours,

Matthew D. Batastini
MDB:ab

Enclosure

PROSKAUER ROSE LLP
Marvin M. Goldstein, Esq.
One Newark Center
Newark, New Jersey 07102
Phone:  973.274.3200
Fax:     973.274.3299
mmgoldstein@proskauer.com
*Attorneys for Defendants*
*Bed Bath & Beyond Inc. & Gary Newton*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN FRAZIER, | : |
| Plaintiff, | : |
| | : Civil Action No.: 2:10-cv-5398 |
| vs. | : |
| | : |
| BED BATH & BEYOND INC. and GARY NEWTON, | : |
| Defendants. | : **DEFENDANTS' INITIAL** |
| | : **DISCLOSURES PURSUANT TO** |
| | : **FED. R. CIV. P. 26(a)(1)** |
| | : |

Defendants Bed Bath & Beyond Inc. ("BBB") and Gary Newton ("Defendants") by their undersigned counsel, Proskauer Rose LLP, hereby provide their initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.  Defendants' disclosures are based on their investigation and discovery of the facts and circumstances relating to the allegations in this action as of the date herein.

### GENERAL STATEMENT

1.      By providing any information pursuant to any provision of Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendants do not concede the materiality of the subject to which it refers.  Defendants' responses are made expressly subject to, and without waiving or

intending to waive, any questions or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the information produced or identified in any proceeding including the trial of this action or any subsequent proceeding.

2.      Defendants object to the provisions of Rule 26(a)(1) to the extent that they demand information that is protected by the attorney-client or work-product privilege.

3.      Identification of any document that is privileged or is otherwise immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of Defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

4.      Defendants are continuing to search for documents and information relevant to this litigation and therefore reserve the right to supplement their responses to each provision of Rule 26(a)(1) of the Federal Rules of Civil Procedure, if necessary.  Defendants also reserve the right to object to the future disclosure of any such documents and/or information.

## A.      Individuals Likely To Have Information That Defendants May Use to Support Their Claims And Defenses

Based upon the information available at the present time, Defendants believe that the following persons may have pertinent information with respect to the claims and defenses in this case:

1.      Plaintiff Kevin Frazier

2.      Lisa Del Rey
        N&CS Analyst
        c/o Bed Bath & Beyond Inc.
        650 Liberty Ave.
        Union, NJ 07083

3.     Paul DePrima
       Director, Corporate Human Resources
       c/o Bed Bath & Beyond Inc.
       650 Liberty Ave.
       Union, NJ 07083

4.     Denise DiPiano
       Corporate HR Coordinator
       c/o Bed Bath & Beyond Inc.
       650 Liberty Ave.
       Union, NJ 07083

5.     Gary J. Newton
       Manager, Database Administration
       c/o Bed Bath & Beyond Inc.
       650 Liberty Ave.
       Union, NJ 07083

6.     David Ortiz
       Director, Systems Management & Database
       c/o Bed Bath & Beyond Inc.
       650 Liberty Ave.
       Union, NJ 07083

7.     Tina M. Suojanen
       Director, Field Employee Relations
       c/o Bed Bath & Beyond Inc.
       650 Liberty Ave.
       Union, NJ 07083

8.     Connie Van Dyke
       Vice-President, Human Resources
       c/o Bed Bath & Beyond Inc.
       650 Liberty Ave.
       Union, NJ 07083

9.     Kevin Wanner
       Vice President, Technology and Operations
       c/o Bed Bath & Beyond Inc.
       650 Liberty Ave.
       Union, NJ 07083

10.    Jose Linares
       Data Futures, Inc.
       4855 W. Hillsboro Blvd.
       Coconut Creek, FL  33073

11.   David J. Rubin
      President
      Data Futures, Inc.
      4855 W. Hillsboro Blvd.
      Coconut Creek, FL 33073

The persons listed above may have relevant information relating to Plaintiff's claims; Plaintiff's employment with BBB; Plaintiff's work performance; the termination of Plaintiff's employment with BBB; and, BBB's policies and procedures.

Except for Jose Linares and David Rubin, all of the above identified individuals are either current or former employees of BBB who, other than Plaintiff, may only be contacted through the attorneys for the Defendants at the above-listed address and telephone number.  No party to this action, nor counsel for any party, should contact any individual identified above where such contact would violate Rule 4.2 of the Rules of Professional Conduct.

Defendants reserve the right to amend these disclosures to name additional persons through further discovery and investigation.

**B.**   **Documents Defendants May Use To Support Their Claims And Defenses**

Defendants identify the following categories of documents in their possession, custody, and/or control which they may use in support of some or all of their claims and defenses to the disputed matters alleged in the Complaint:

1.   Plaintiff's personnel file.

2.   Various notes of and various correspondence and emails between BBB's current and/or former employees, including Plaintiff, and Data Futures, Inc., concerning Plaintiff and Plaintiff's employment with BBB.

The identification of a particular document or category of documents does not constitute a waiver of the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege.

4

**C.**     **Damages**

Defendants may seek their attorneys' fees and costs in defending this action, the amount of which are unknown at this time.

**D.**     **Insurance**

At this time, Defendants do not believe they have any applicable insurance agreement under which any insurance carrier may be liable to satisfy all or part of a judgment that may be entered in this action or to indemnify or reimburse for payments made to satisfy any such judgment.

Dated: April **25**, 2011
      Newark, New Jersey

                                PROSKAUER ROSE LLP

                                By: _Marvin M. Goldstein_

                                    Marvin M. Goldstein, Esq.
                                    One Newark Center
                                    Newark, New Jersey  07102
                                    Telephone: 973.274.3230
                                    Facsimile:  973.274.3299
                                    mmgoldstein@proskauer.com

                                    *Attorneys for Defendants*
                                    Bed Bath & Beyond Inc. and Gary Newton

To:    David Zatuchni
        ZATUCHNI & ASSOCIATES, LLC
        287 South Main Street (Route 29)
        Lambertville, NJ 08530

5

**EXHIBIT B**

Zatuchni & Associates, LLC
David Zatuchni, Esq. - 2516
287 South Main Street
(Route 29)
Lambertville, NJ 08530
609-243-0300
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KEVIN FRAZIER,

Plaintiff,

vs.

BED BATH AND BEYOND INC. and GARY
NEWTON, in his individual and professional
capacities,

Defendants.

Civil Action No. 2:10-cv-5398

PLAINTIFF'S INITIAL DOCUMENT
REQUESTS ON DEFENDANTS BED
BATH AND BEYOND, INC.

TO:   Marvin M. Goldstein, Esq.
      Proskauer Rose, LLP
      One Newark Center
      Newark, New Jersey 070102
      Counsel for Defendants

PLEASE TAKE NOTE THAT plaintiff demands that Defendant Bed Bath and
Beyond, Inc. produce the following documents in accordance with Federal Rule of Civil
Procedure 34, Local Civil Rule 34.1, and within the time prescribed by law, and further
demands the supplementation of said production in accordance with a party's continuing
duty to provide late discovered information.  Plaintiff requests that the documents be
produced at the offices *Zatuchni & Associates, LLC, 287 South Main Street,
Lambertville, NJ 08530* within thirty (30) days of service of this request for production.

1

David Zatuchni, Esq.
Zatuchni & Associates, LLC
287 South Main Street
(Route 29)
Lambertville, NJ 08530
609-243-0300
Counsel for Plaintiff

Dated: 5/19/11

2

# INSTRUCTIONS

As used herein:

A.    **"Document"** or **"documents"** mean the original and any non-identical copy, regardless of origin or location, of any writing or record or type of description, including, but not limited to, the original and any copy of any book, pamphlet, periodical, letter, memorandum, telegram, report, e-mail, record, study, inter-office or intra-office communication, handwritten or other note, working paper, chart, paper, graph, index, tape, disc, data sheet or data processing card, or any other written, recorded, transcribed, punched, taped, filed or graphic matter, however produced or reproduced, to which defendant has or has had access.

B.    **"You"** or **"your"** means defendant **Bed Bath and Beyond, Inc.**.

C.    If any document(s) requested will not be voluntarily produced because of a claim of privilege, identify the document(s) with particularity, set forth the nature of the privilege claimed, and the basis on which the document is withheld from production.

3

# REQUESTS FOR PRODUCTION

1.  Any and all documents that are identified by you in response to Plaintiffs' First Set of Interrogatories.

2.  Any and all documents which you are requested to identify in Plaintiffs' First Set of Interrogatories.

3.  Any and all documents that are identified by you in Defendant's Answers to Interrogatories.

4.  The personnel file of **Plaintiff Kevin Frazier.**

5.  Any and all documents relating or pertaining to the employment of **Plaintiff Kevin Frazier.**

6.  Any and all documents referring to or mentioning **Plaintiff Kevin Frazier, including, but not limited to, any all emails in defendant employer's computer system that refer to or mention Plaintiff Kevin Frazier.**

7.  Any and all reprimands, warnings, and/or disciplines of any kind meted out to Lisa Del Rey.

8.  Any and all reprimands, warnings, and/or disciplines of any kind meted out to David Rubin.

9.  Any and all documents which evidence or constitute a complaint of unlawful discrimination, harassment, and/or retaliation in the workplace on the part of or made by **Plaintiff Kevin Frazier.**

10.    Any and all documents relating to any investigation conducted by you or anyone acting on your behalf of a complaint made by Kevin Frazier of unlawful discrimination, harassment, or retaliation in the workplace.

11.    Any and all documents relating to any disciplinary or remedial action taken by you as a result of a complaint by **Plaintiff Kevin Frazier** of unlawful discrimination, harassment, or retaliation in the workplace.

12.    Any and all documents related to any internal complaints of **racial harassment, discrimination, and/or unlawful retaliation** by any employee working in the New Jersey corporate office in the past five (5) years, including, but not limited to, any documents relating to an investigation or remedial action taken by you with respect to such a complaint.

13.    Any and all documents related to any internal complaints of unlawful discrimination and/or retaliation against **Paul DePrima or Gary Newton, or David Ortiz, or Connie Van Dyke, or Denise DiPiano,** including, but not limited to, any documents relating to an investigation or remedial action taken by you with respect to such a complaint.

14.    All minutes and agenda(s) in the past five (5) years which address issues, complaints, investigations, and/or policies relating to unlawful discrimination, harassment, or retaliation affecting employees.

15.    All memoranda, letters, policies, postings, handbooks, guidebooks, or training material distributed or presented by you to employees in the past five (5) years, which address issues, complaints, investigations, and/or policies relating to unlawful discrimination, harassment, or retaliation in the workplace.

16.    Any and all documents relating to, evidencing, or constituting any training, courses, classes, symposium, lectures provided by you to

employees regarding unlawful discrimination, harassment, or retaliation in the workplace.

17.   Any and all documents constituting complaints in any litigation, charges with the EEOC or any state agency, or demands for arbitration made against you by any employee in the New Jersey corporate offices in the past five (5) years that allege racial discrimination, harassment, and/or retaliation in the workplace.

18.   Pursuant to New Jersey Court Rule 4:10-2(b), demand is made that defendant produce to plaintiff's attorney copies of any and all insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the judgment and provide plaintiff's attorney with true copies of those insurance agreements or policies, including, but not limited to, any and all declaration sheets. This demand shall include and cover not only primary coverage, but also any and all excess, catastrophe and umbrella policies.

19.   Any and all written witness statements, certifications, and/or affidavits obtained by you (including your attorney or anyone acting on your behalf) from any person relating to this litigation, any of the claims alleged in the Complaint, or any of the defenses raised by you.

20.   Any and all time card, time sheets, or any other documentation showing or evidencing the actual number of hours worked by **Plaintiff Kevin Frazier**.

21.   Any and all internal memoranda, decisions, reports, notes relating to whether the position held by **Plaintiff Kevin Frazier** is exempt or non-exempt under the Fair Labor Standards Act.

22.  All performance evaluations <u>and</u> disciplines (from 2007 to the present) for each and every person employed in New Jersey holding the same position and/or title as **Plaintiff Kevin Frazier.**

23.  Any and all job descriptions relating to the position and/or title held by **Plaintiff Kevin Frazier.**

**EXHIBIT C**

Page 1

```
 1              UNITED STATES DISTRICT COURT
                DISTRICT OF NEW JERSEY
 2              CIVIL ACTION NO. 2:10-cv-5398

 3

 4    KEVIN FRAZIER,                    )
                      Plaintiff,        )
 5                                      )
        -vs-                            )
 6                                      ) DEPOSITION OF:
      BED BATH AND BEYOND INC., and     )
 7    GARY NEWTON, in his individual    ) KEVIN FRAZIER
      and professional capacities,      )
 8                                      )
                      Defendants.       )
 9    _____ )

10

11

12              TRANSCRIPT of the stenographic notes of

13    the proceedings in the above-entitled matter, as taken

14    by and before ROSEMARY MARINO, a Certified Shorthand

15    Reporter and Notary Public of the State of New Jersey,

16    held at the office of PROSKAUER ROSE LLP, One Newark

17    Center, Newark, New Jersey, on Thursday, December 8,

18    2011, commencing at 10:05 a.m.

19

20

21

22

23

24

25    Job No. NJ365887
```

Page 2

```
 1    A P P E A R A N C E S:
 2
 3        ZATUCHNI & ASSOCIATES, LLC
          BY:  DAVID ZATUCHNI, ESQ.
 4        287 Main Street
          (Route 29)
 5        Lambertville, New Jersey 08530
          (609) 243-0300
 6        davidz@zatuchniassociates.com
          Attorneys for Plaintiff
 7
 8        PROSKAUER ROSE LLP
          BY:  MARVIN M. GOLDSTEIN, ESQ.
 9            MATTHEW D. BATASTINI, ESQ.
          One Newark Center
10        Newark, New Jersey 07102-5211
          (973) 274-3210
11        mmgoldstein@proskauer.com
          mbatastini@proskauer.com
12        Attorneys for Defendants
13
14    ALSO PRESENT:
                  Michael H. Wilck, Esq.
15                Counsel Bed Bath & Beyond
16                Gary Newton
                  Paul DePrima
17
18
19
20
21
22
23
24
25
```

Page 3

```
 1                          INDEX
 2   WITNESS                 DIRECT
     KEVIN FRAZIER
 3
     BY MR. GOLDSTEIN        5
 4
 5
 6                        EXHIBITS
 7   NO.  DESCRIPTION                    PAGE
     Frazier-1     Summons in a Civil Action
 8                 with attached Complaint and
                   Jury Trial Demand .......... 9
 9   Frazier-2A    Defendant's First Set of
                   Interrogatories to
10                 Plaintiff .................. 14
     Frazier-2B    Plaintiff's Responses to
11                 Interrogatories ........... 14
     Frazier-3A    Defendants' First Request
12                 for Production of Documents
                   to Plaintiff .............. 16
13   Frazier-3B    Plaintiff's Responses to
                   Document Requests ......... 16
14   Frazier-4     Preadmission, Meadowlands
                   Hospital Medical Center,
15                 1/10/11, MHMC 001 ......... 17
     Frazier-5     Letter 9/3/09 to A. Rauch
16                 from T. McKinney .......... 21
     Frazier-6     Resume of Kevin Frazier,
17                 two pages ................. 54
     Frazier-7     EEOC Charge filed by K.
18                 Frazier against Sterling
                   Testing System ............ 58
19   Frazier-8     Resume of Kevin W. Frazier .. 81
     Frazier-9     Bed Bath & Beyond Employee
20                 Review of Kevin W. Frazier
                   5/8/08 .................... 85
21   Frazier-10    Cover e-mail 12/12/09 with
                   attachments ............... 98
22   Frazier-11    E-mail chain, BBB/F
                   242-244, three pages ....... 99
23   Frazier-12    EEOC Charge of
                   Discrimination 2/21/09 .....113
24   Frazier-13    EEOC Charge of
                   Discrimination 6/19/09 .....113
25
```

Page 4

| 1 | Frazier-14 | EEO Charge of |
| | | Discrimination 7/11/09 ...... 113 |
| 2 | Frazier-15 | Memo, Recap of 9 a.m. |
| | | meeting 2/16/09, BBB/F 227 ..136 |
| 3 | Frazier-16 | Performance Review for |
| | | Kevin Frazier 5/8/09 ........148 |
| 4 | Frazier-17 | Letter 1/28/11 to K. |
| | | Frazier from P. Osteria .....173 |
| 5 | Frazier-18 | Doctor's note from Victor |
| | | Cabales, M.D., 11/5/10 ......173 |
| 6 | Frazier-19 | Doctor's note 11/27/10 ......177 |
| | Frazier-20 | Doctor's note 12/11/10 ......177 |
| 7 | Frazier-21 | Doctor's note 12/13/10 ......178 |

8

9                         SPECIAL REQUESTS
                      PAGE         LINE

10                      35          13

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 72

```
1                (Afternoon session.)

2                (Resumed at 12:57 p.m.)

3      Q      Do you know Lisa Del Rey?

4      A      Yes, I do.

5      Q      Was she performing the same type of work

6   that you performed?

7      A      Not exactly, but she was a part of the IT

8   infrastructure.

9      Q      What did she do, what was her

10  responsibility?

11     A      Not really sure of what her exact

12  responsibilities were.  But she is part of the IT

13  infrastructure.

14     Q      If she were a secretary to Mr. Newton,

15  she'd be part of the IT infrastructure?

16     A      Maybe on the administrative side, but I

17  think she's actually part of IT technical side of it.

18     Q      Do you know what her responsibilities

19  were?

20     A      No, not exactly.

21     Q      Did you know her?

22     A      From work?

23     Q      Yes, sir.

24     A      As a co-worker, yes.

25     Q      How did you come to know her?
```

Page 73

1        A       We work in the same area, close to each

2    other.

3        Q       And could you describe for me what your

4    work relationship was?

5        A       She was just a co-worker.

6        Q       And did you and she interact during the

7    workday other than with respect to IT issues?

8        A       Maybe during lunch sometimes.  Most of

9    the time it was work related.

10       Q       And how did -- and during lunch how did

11   you and she interact?

12       A       Just like I would interact with any of my

13   co-workers to build rapport, maybe talk about the

14   weather, something, small talk.  But not outside of

15   work.

16       Q       Did you and she go out to lunch on a

17   fairly regular basis?

18       A       No.

19       Q       Did you and she ever go out to lunch?

20       A       I don't recall.  I don't think we ever

21   did go outside the building for lunch.  We may have

22   been in the same cafeteria.  You know, there's one

23   cafeteria and we may have sit next to each other or

24   something like that.  But not too often.  We're not

25   like we were best friends.

Page 74

1      Q      When you and she sat next to you in the

2  company -- when you and she sat next to each other in

3  the company cafeteria, was it because you and she had

4  decided to have lunch together?

5      A      I wouldn't say that.  I would say that we

6  were in a small cafeteria and, you know, she's someone

7  that I see, you know, from -- throughout the day, so

8  maybe we just both sat down at the same table.  It's a

9  pretty small cafeteria.

10      Q      Did you and she ever take walks outside

11  together?

12      A      I took breaks, yeah, like maybe

13  five-minute breaks.  I think we did a couple of times,

14  we did walk around the parking lot together.  But not

15  just her, with other co-workers as well, that are all

16  in the same area where we sit.

17      Q      Did she confide any personal issues with

18  you?

19      A      Not that I can recall.

20      Q      Did there come a time when she got

21  married?

22      A      I don't recall.

23      Q      Do you recall her sharing with you the

24  fact that she had gotten married and told you not to

25  tell anybody else?

**EXHIBIT D**

```
 1            UNITED STATES DISTRICT COURT
 2            DISTRICT OF NEW JERSEY
 3            CIVIL ACTION NO. 2:10-cv-5398
 4  KEVIN FRAZIER,                  :
 5            Plaintiff,            :
 6       vs.                        : CIVIL ACTION
 7  BED BATH AND BEYOND INC., and :
 8  GARY NEWTON, in his individual:
 9  and professional capacities,   :
10            Defendants.           :
11      Computer-aided transcript of deposition
12  testimony of LISA DEL REY taken stenographically
13  in the above-entitled matter before CANDACE J.
14  GREEN, a Certified Court Reporter and Notary
15  Public of the State of New Jersey, at the Law
16  Offices of PROSKAUER ROSE, LLP, One Newark Center,
17  18th floor, Newark, New Jersey, taken on Tuesday,
18  December 13, 2011, commencing at 2:05 p.m.
19            GUY J. RENZI & ASSOCIATES
20    CERTIFIED COURT REPORTERS & VIDEOGRAPHERS
21         GOLDEN CREST CORPORATE CENTER
22      2277 STATE HIGHWAY #33, SUITE 410
23         TRENTON, NEW JERSEY 08690
24  TEL: (609) 989-9199  TOLL FREE: (800) 368-7652
25            www.renziassociates.com
```

```
 1  A P P E A R A N C E S:

 2

 3  ZATUCHNI & ASSOCIATES, LLP

 4  BY: DAVID ZATUCHNI, ESQ.

 5      287 South Main Street

 6      Route 29

 7      Lambertville, New Jersey 08530

 8      Tel: (609) 243-0300

 9      E-mail: davidz@zatuchniassociates.com

10  Attorneys for Plaintiff.

11

12  PROSKAUER ROSE, LLP

13  BY: MARVIN M. GOLDSTEIN, ESQ.

14      One Newark Center

15      18th floor

16      Newark, New Jersey 07102-5211

17      Tel: (973) 274-3200

18      E-mail: mmgoldstein@proskauer.com

19  Attorneys for Defendants.

20

21

22  A L S O   P R E S E N T:

23  PAUL DePRIMA

24  GARY NEWTON

25  MICHAEL H. WILCK
```

```
1                    I N D E X

2

3   WITNESS                          PAGE

4   LISA DEL REY

5        Examination By Mr. Zatuchni      5/51

6        Examination by Mr. Goldstein      50

7

8

9                  E X H I B I T S

10

11  ID              DESCRIPTION              PAGE

12

13         (NO EXHIBITS WERE MARKED.)

14

15

16

17

18

19

20

21

22

23

24

25
```

**EXHIBIT E**



**Kevin**
**Frazier/IT/Corporate/BBBY**

08/11/2008 02:57 PM

To  Lisa Del Rey/IT/Corporate/BBBY@BBBY

cc

bcc

Subject  Re: WHY- WHY- WHY!!!!

I saw this one before, it's crazy but i am sure it can not be true.   I never saw anything like this... well maybe at a prom....


Thank You,
Kevin Frazier
Bed Bath & Beyond
Database Administration
Office: 1-908-688-0888 x4740
Kevin.Frazier@bedbath.com

 **Kevin
Frazier/IT/Corporate/BBBY**
08/11/2008 03:00 PM

To   Lisa Del Rey/IT/Corporate/BBBY@BBBY

cc

bcc

Subject   Re: WHY- WHY- WHY!!!!

well just around area of NJ around prom time you see allot of crazy stuff like this, but this looked like old
people from the south some place.    the funny one was uncle peaches..\aunt bob

Thank You,
Kevin Frazier
Bed Bath & Beyond
Database Administration
Office: 1-908-688-0888 x4740
Kevin.Frazier@bedbath.com

BBB/F 000861



**Kevin**
**Frazier/IT/Corporate/BBBY**
09/19/2008 02:11 PM

To  Robert Aquilino/IT/Corporate/BBBY@BBBY

cc

bcc

Subject  Re: no lunch today

yo, i am going to Microcent to pick up some dvd writers for 24.99 do you want one.  I am going to pick up
one for Sam as well.   Let me know


Thank You,
Kevin Frazier
Bed Bath & Beyond
Database Administration
Office: 1-908-688-0888 x4740
Kevin.Frazier@bedbath.com
Robert Aquilino/IT/Corporate/BBBY


**Robert**
**Aquilino/IT/Corporate/BBBY**
09/19/2008 11:47 AM

To  Kevin Frazier/IT/Corporate/BBBY@BBBY

cc

Subject  Re: no lunch today


No thanks


Thank you,
Rob Aquilino
IT-Technology Support Services
Office: 908-855-4406
Mobile: 908-400-4415
    Kevin Frazier
    ----- Original Message -----

    From: Kevin Frazier
    Sent: 09/19/2008 11:45 AM
    To: Robert Aquilino
    Subject: Re: no lunch today

not feeling like sono today want something different
  Please come , i will drive Tom and Duke want to go as well


Thank You,
Kevin Frazier
Bed Bath & Beyond
Database Administration
Office: 1-908-688-0888 x4740
Kevin.Frazier@bedbath.com

Robert Aquilino/IT/Corporate/BBBY

**Robert
Aquilino/IT/Corporate/BBBY**
09/19/2008 11:37 AM

To   Kevin Frazier/IT/Corporate/BBBY@BBBY
cc
Subject   Re: no lunch today

Boys go to sono.

Thank you,
Rob Aquilino
IT-Technology Support Services
Office: 908-855-4406
Mobile: 908-400-4415
   Kevin Frazier
   ----- Original Message -----

   From: Kevin Frazier
   Sent: 09/19/2008 11:36 AM
   To: Robert Aquilino
   Subject: Re: no lunch today

What?  I though we was boys

Thank You,
Kevin Frazier
Bed Bath & Beyond
Database Administration
Office: 1-908-688-0888 x4740
Kevin.Frazier@bedbath.com
Robert Aquilino/IT/Corporate/BBBY

**Robert
Aquilino/IT/Corporate/BBBY**
09/19/2008 11:33 AM

To   Kevin Frazier/IT/Corporate/BBBY@BBBY
cc
Subject   Re: no lunch today

Naaa, you suck!!!

Thank you,
Rob Aquilino
IT-Technology Support Services
Office: 908-855-4406
Mobile: 908-400-4415

BBB/F 000863

Kevin Frazier
----- Original Message -----

From: Kevin Frazier
Sent: 09/19/2008 11:31 AM
To: Robert Aquilino
Subject: no lunch today

Lisa is coming in late today, and I do not want sono today.    You want to go to Fridays let me know ASAP


Thank You,
Kevin Frazier
Bed Bath & Beyond
Database Administration
Office: 1-908-688-0888 x4740
Kevin.Frazier@bedbath.com

BBB/F 000864

# Memo

| | |
|---|---|
| **From:** | Kevin Frazier |
| **Sent:** | Monday, April 14, 2008 2:12 PM |
| **To:** | Lisa Del Rey; Robert Aquilino; Paul Rubino |
| **Subject:** | 12:30 walkclub |

Everyone lets try to do walks 2 or 3 times a week.

Starting Tuesday 4-15-08  @ 12:30  lets do at least 3 or 4 times around the lot.

Let me know if you are in or out............

Thank You,
Kevin Frazier
Bed Bath & Beyond
Database Administration
Office: 1-908-688-0888 x4666
Kevin.Frazier@bedbath.com

BBB/F 000865

Calender Entry

# _ERROR_Reply

| | |
|---|---|
| **Subject:** | Re: 12:30 walkclub |
| **Where** | **Location** |
| **Attach:** | EmbeddedImage0001.gif; EmbeddedImage0002.gif |

you got a point....lol  we will all be very fit.......lol


Thank You,
Kevin Frazier
Bed Bath & Beyond
Database Administration
Office: 1-908-688-0888 x4666
Kevin.Frazier@bedbath.com


Lisa Del Rey/IT/Corporate/BBBY
04/14/2008 02:18 PM

To
Paul Rubino/IT/Corporate/BBBY@BBBY
cc
Kevin Frazier/IT/Corporate/BBBY@BBBY, Robert Aquilino/IT/Corporate/BBBY@BBBY
Subject
Re: 12:30 walkclub




i'm in.  but i have to say, since we moved to this location- just walking from
my car to my desk is like 5 times around the lot


Lisa Del Rey
IT/Voice Communications/Wireless
Bed Bath and Beyond
908-855-4426


Paul Rubino/IT/Corporate/BBBY
04/14/2008 02:17 PM

To
Kevin Frazier/IT/Corporate/BBBY@BBBY

BBB/F 000866

cc
Lisa Del Rey/IT/Corporate/BBBY@BBBY, Robert Aquilino/IT/Corporate/BBBY@BBBY
Subject
Re: 12:30 walkclub

at least 4

Kevin Frazier/IT/Corporate/BBBY
04/14/2008 02:14 PM

To
Paul Rubino/IT/Corporate/BBBY@BBBY
cc
Lisa Del Rey/IT/Corporate/BBBY@BBBY, Robert Aquilino/IT/Corporate/BBBY@BBBY
Subject
Re: 12:30 walkclub

we do not want you to fall out......lol babysteps... we will start with 3
times....

Thank You,
Kevin Frazier
Bed Bath & Beyond
Database Administration
Office: 1-908-688-0888 x4666
Kevin.Frazier@bedbath.com

Paul Rubino/IT/Corporate/BBBY
04/14/2008 02:14 PM

To
Kevin Frazier/IT/Corporate/BBBY@BBBY
cc
Lisa Del Rey/IT/Corporate/BBBY@BBBY, Robert Aquilino/IT/Corporate/BBBY@BBBY
Subject
Re: 12:30 walkclub

BBB/F 000867

I'm in...lets do it 6 times around


Kevin Frazier/IT/Corporate/BBBY
04/14/2008 02:12 PM

To
Lisa Del Rey/IT/Corporate/BBBY@BBBY, Robert Aquilino/IT/Corporate/BBBY@BBBY,
Paul Rubino/IT/Corporate/BBBY@BBBY
cc

Subject
12:30 walkclub




Everyone lets try to do walks 2 or 3 times a week.

Starting Tuesday 4-15-08   @ 12:30  lets do at least 3 or 4 times around the
lot.

Let me know if you are in or out...........

Thank You,
Kevin Frazier
Bed Bath & Beyond
Database Administration
Office: 1-908-688-0888 x4666
Kevin.Frazier@bedbath.com

BBB/F 000868

Calender Entry

# _ERROR_Reply

| Subject: | Re: walk |
|----------|----------|
| **Where** | **Location** |

11 am if fine with me

Thank You,
Kevin Frazier
Bed Bath & Beyond
Database Administration
Office: 1-908-688-0888 x4666
Kevin.Frazier@bedbath.com

Lisa Del Rey/IT/Corporate/BBBY
04/24/2008 02:24 PM

To
Robert Aquilino/IT/Corporate/BBBY@BBBY
cc
Kevin Frazier/IT/Corporate/BBBY@BBBY, Nancy Rhoades/IT/Corporate/BBBY@BBBY
Subject
Re: walk

11AM IS THE FINAL TIME.

11AM

ELEVEN

11:00

ONE ONE

WE WILL MEET AT 11AM IN THE HALLWAY BY VIDEO CONFERENCE ROOMS 1 AND 2

Lisa Del Rey
IT/Voice Communications/Wireless
Bed Bath and Beyond
908-855-4426

BBB/F 000869

Robert Aquilino/IT/Corporate/BBBY
04/24/2008 02:16 PM

To
Lisa Del Rey/IT/Corporate/BBBY@BBBY
cc
Kevin Frazier/IT/Corporate/BBBY@BBBY, Nancy Rhoades/IT/Corporate/BBBY@BBBY
Subject
Re: walk

THANK YOU!!!! and the time is the time not 5-10 minutes earlier or later.

Thank you,
Rob Aquilino
IT-Technology Support Services
Office: 908-855-4406
Mobile: 908-400-4415

Lisa Del Rey/IT/Corporate/BBBY
04/24/2008 02:14 PM

To
Kevin Frazier/IT/Corporate/BBBY@BBBY, Robert Aquilino/IT/Corporate/BBBY@BBBY,
Nancy Rhoades/IT/Corporate/BBBY@BBBY
cc

Subject
walk

can we all please decide on one firm walking time and stick to it?

options are as follows:

11:00am
11:15am
11:30am

BBB/F 000870

Lisa Del Rey
IT/Voice Communications/Wireless
Bed Bath and Beyond
908-855-4426

BBB/F 000871

Calender Entry

# _ERROR_Reply

**Subject:**                              Re: hi

**Where**                                 **Location**

yea i can do 4 today

Thank You,
Kevin Frazier
Bed Bath & Beyond
Database Administration
Office: 1-908-688-0888 x4666
Kevin.Frazier@bedbath.com

Lisa Del Rey/IT/Corporate/BBBY
05/02/2008 08:51 AM

To
Kevin Frazier/IT/Corporate/BBBY@BBBY
cc

Subject
Re: hi

hey you
my thighs hurt.   i feel like the walking is making a difference.   my jeans
are loose today lol

1 1am sharp- you are coming

Lisa Del Rey
IT/Voice Communications/Wireless
Bed Bath and Beyond
908-855-4426

Kevin Frazier/IT/Corporate/BBBY
05/02/2008 08:48 AM

BBB/F 000872

To
Lisa Del Rey/IT/Corporate/BBBY@BBBY
cc

Subject
Re: hi

happy Friday!   how are you doing

Thank You,
Kevin Frazier
Bed Bath & Beyond
Database Administration
Office: 1-908-688-0888 x4666
Kevin.Frazier@bedbath.com

BBB/F 000873

Calender Entry

# _ERROR_Reply

**Subject:**                           Re: hi

**Where**                             **Location**

OK, got my running shoes in my car lets leave like 10 mins before 11 so she doe
not see us

Thank You,
Kevin Frazier
Bed Bath & Beyond
Database Administration
Office: 1-908-688-0888 x4666
Kevin.Frazier@bedbath.com

Lisa Del Rey/IT/Corporate/BBBY
05/06/2008 08:15 AM

To
Kevin Frazier/IT/Corporate/BBBY@BBBY
cc

Subject
Re: hi

no. its true
today we are all walking at 11am- no excuses

Lisa Del Rey
IT/Voice Communications/Wireless
Bed Bath and Beyond
908-855-4426

Kevin Frazier/IT/Corporate/BBBY
05/06/2008 08:13 AM

To
Lisa Del Rey/IT/Corporate/BBBY@BBBY

cc

Subject
Re: hi



did i sound mean when i told her she should use that room?


Thank You,
Kevin Frazier
Bed Bath & Beyond
Database Administration
Office: 1-908-688-0888 x4666
Kevin.Frazier@bedbath.com


Lisa Del Rey/IT/Corporate/BBBY
05/06/2008 08:11 AM

To
Kevin Frazier/IT/Corporate/BBBY@BBBY
cc

Subject
Re: hi



out of control.
i  am scared to type

Lisa Del Rey
IT/Voice Communications/Wireless
Bed Bath and Beyond
908-855-4426


Kevin Frazier/IT/Corporate/BBBY
05/06/2008 08:10 AM

To
Lisa Del Rey/IT/Corporate/BBBY@BBBY
cc

BBB/F 000875

Subject
Re: hi

now that is funny....

Thank You,
Kevin Frazier
Bed Bath & Beyond
Database Administration
Office: 1-908-688-0888 x4666
Kevin.Frazier@bedbath.com

Lisa Del Rey/IT/Corporate/BBBY
05/06/2008 08:09 AM

To
Kevin Frazier/IT/Corporate/BBBY@BBBY
cc

Subject
Re: hi

i know- i'm sitting right next to her. she told me to stop clearing my throat
lol

Lisa Del Rey
IT/Voice Communications/Wireless
Bed Bath and Beyond
908-855-4426

Kevin Frazier/IT/Corporate/BBBY
05/06/2008 08:08 AM

To
Lisa Del Rey/IT/Corporate/BBBY@BBBY
cc

BBB/F 000876

Subject
hi

She did it again, this morning.    She gets upset because we talk in the
morning.

Thank You,
Kevin Frazier
Bed Bath & Beyond
Database Administration
Office: 1-908-688-0888 x4666
Kevin.Frazier@bedbath.com

BBB/F 000877

Calender Entry

# _ERROR_Reply

| | |
|---|---|
| **Subject:** | Re: hi |
| **Where** | **Location** |

ok....dang....lol  what did you say glad she did not ask me, i always say no


Thank You,
Kevin Frazier
Bed Bath & Beyond
Database Administration
Office: 1-908-688-0888 x4666
Kevin.Frazier@bedbath.com



Lisa Del Rey/IT/Corporate/BBBY
05/06/2008 08:20 AM


To
Kevin Frazier/IT/Corporate/BBBY@BBBY
cc

Subject
Re: hi




are you crazy- she will get so mad.  she asked me yesterday if i went


Lisa Del Rey
IT/Voice Communications/Wireless
Bed Bath and Beyond
908-855-4426



Kevin Frazier/IT/Corporate/BBBY
05/06/2008 08:19 AM


To
Lisa Del Rey/IT/Corporate/BBBY@BBBY
cc

Subject
Re: hi

OK, got my running shoes in my car lets leave like 10 mins before 11 so she doe
not see us

Thank You,
Kevin Frazier
Bed Bath & Beyond
Database Administration
Office: 1-908-688-0888 x4666
Kevin.Frazier@bedbath.com

Lisa Del Rey/IT/Corporate/BBBY
05/06/2008 08:15 AM

To
Kevin Frazier/IT/Corporate/BBBY@BBBY
cc

Subject
Re: hi

no. its true
today we are all walking at 11am- no excuses

Lisa Del Rey
IT/Voice Communications/Wireless
Bed Bath and Beyond
908-855-4426

Kevin Frazier/IT/Corporate/BBBY
05/06/2008 08:13 AM

To
Lisa Del Rey/IT/Corporate/BBBY@BBBY
cc

BBB/F 000879

Subject
Re: hi

did i sound mean when i told her she should use that room?

Thank You,
Kevin Frazier
Bed Bath & Beyond
Database Administration
Office: 1-908-688-0888 x4666
Kevin.Frazier@bedbath.com

Lisa Del Rey/IT/Corporate/BBBY
05/06/2008 08:11 AM

To
Kevin Frazier/IT/Corporate/BBBY@BBBY
cc

Subject
Re: hi

out of control.
i  am scared to type

Lisa Del Rey
IT/Voice Communications/Wireless
Bed Bath and Beyond
908-855-4426

Kevin Frazier/IT/Corporate/BBBY
05/06/2008 08:10 AM

To
Lisa Del Rey/IT/Corporate/BBBY@BBBY
cc

Subject

BBB/F 000880

Re: hi

now that is funny....

Thank You,
Kevin Frazier
Bed Bath & Beyond
Database Administration
Office: 1-908-688-0888 x4666
Kevin.Frazier@bedbath.com

Lisa Del Rey/IT/Corporate/BBBY
05/06/2008 08:09 AM

To
Kevin Frazier/IT/Corporate/BBBY@BBBY
cc

Subject
Re: hi

i know- i'm sitting right next to her. she told me to stop clearing my throat
lol

Lisa Del Rey
IT/Voice Communications/Wireless
Bed Bath and Beyond
908-855-4426

Kevin Frazier/IT/Corporate/BBBY
05/06/2008 08:08 AM

To
Lisa Del Rey/IT/Corporate/BBBY@BBBY
cc

Subject
hi

BBB/F 000881

She did it again, this morning.    She gets upset because we talk in the
morning.


Thank You,
Kevin Frazier
Bed Bath & Beyond
Database Administration
Office: 1-908-688-0888 x4666
Kevin.Frazier@bedbath.com

BBB/F 000882

Calender Entry

# _ERROR_Reply

**Subject:**                                       Re: hi

**Where**                                          **Location**

i always tell her no, just incase ....never know what mood she is in..lol  Why
can't everyone bee cool like you...you are never moody....

Thank You,
Kevin Frazier
Bed Bath & Beyond
Database Administration
Office: 1-908-688-0888 x4666
Kevin.Frazier@bedbath.com

Lisa Del Rey/IT/Corporate/BBBY
05/06/2008 08:24 AM

To
Kevin Frazier/IT/Corporate/BBBY@BBBY
cc

Subject
Re: hi

i said since i got here late i wa too busy to walk.   but then i did later in
the day

Lisa Del Rey
IT/Voice Communications/Wireless
Bed Bath and Beyond
908-855-4426

Kevin Frazier/IT/Corporate/BBBY
05/06/2008 08:23 AM

To
Lisa Del Rey/IT/Corporate/BBBY@BBBY

BBB/F 000883

cc

Subject
Re: hi

ok....dang....lol  what did you say glad she did not ask me, i always say no

Thank You,
Kevin Frazier
Bed Bath & Beyond
Database Administration
Office: 1-908-688-0888 x4666
Kevin.Frazier@bedbath.com

Lisa Del Rey/IT/Corporate/BBBY
05/06/2008 08:20 AM

To
Kevin Frazier/IT/Corporate/BBBY@BBBY
cc

Subject
Re: hi

are you crazy- she will get so mad.  she asked me yesterday if i went

Lisa Del Rey
IT/Voice Communications/Wireless
Bed Bath and Beyond
908-855-4426

Kevin Frazier/IT/Corporate/BBBY
05/06/2008 08:19 AM

To
Lisa Del Rey/IT/Corporate/BBBY@BBBY
cc

BBB/F 000884

Subject
Re: hi


OK, got my running shoes in my car lets leave like 10 mins before 11 so she doe
not see us


Thank You,
Kevin Frazier
Bed Bath & Beyond
Database Administration
Office: 1-908-688-0888 x4666
Kevin.Frazier@bedbath.com


Lisa Del Rey/IT/Corporate/BBBY
05/06/2008 08:15 AM

To
Kevin Frazier/IT/Corporate/BBBY@BBBY
cc

Subject
Re: hi


no. its true
today we are all walking at 11am- no excuses


Lisa Del Rey
IT/Voice Communications/Wireless
Bed Bath and Beyond
908-855-4426


Kevin Frazier/IT/Corporate/BBBY
05/06/2008 08:13 AM

To
Lisa Del Rey/IT/Corporate/BBBY@BBBY
cc

BBB/F 000885

Subject
Re: hi

did i sound mean when i told her she should use that room?

Thank You,
Kevin Frazier
Bed Bath & Beyond
Database Administration
Office: 1-908-688-0888 x4666
Kevin.Frazier@bedbath.com

Lisa Del Rey/IT/Corporate/BBBY
05/06/2008 08:11 AM

To
Kevin Frazier/IT/Corporate/BBBY@BBBY
cc

Subject
Re: hi

out of control.
i  am scared to type

Lisa Del Rey
IT/Voice Communications/Wireless
Bed Bath and Beyond
908-855-4426

Kevin Frazier/IT/Corporate/BBBY
05/06/2008 08:10 AM

To
Lisa Del Rey/IT/Corporate/BBBY@BBBY
cc

Subject

Re: hi

now that is funny....

Thank You,
Kevin Frazier
Bed Bath & Beyond
Database Administration
Office: 1-908-688-0888 x4666
Kevin.Frazier@bedbath.com

Lisa Del Rey/IT/Corporate/BBBY
05/06/2008 08:09 AM

To
Kevin Frazier/IT/Corporate/BBBY@BBBY
cc

Subject
Re: hi

i know- i'm sitting right next to her. she told me to stop clearing my throat
lol

Lisa Del Rey
IT/Voice Communications/Wireless
Bed Bath and Beyond
908-855-4426

Kevin Frazier/IT/Corporate/BBBY
05/06/2008 08:08 AM

To
Lisa Del Rey/IT/Corporate/BBBY@BBBY
cc

Subject
hi

BBB/F 000887

She did it again, this morning.   She gets upset because we talk in the
morning.


Thank You,
Kevin Frazier
Bed Bath & Beyond
Database Administration
Office: 1-908-688-0888 x4666
Kevin.Frazier@bedbath.com

BBB/F 000888

Calender Entry

# _ERROR_Reply

| Subject: | Re: |
|----------|-----|
| Where | Location |

ok, we can go later,  i am working on a prod issue.  :-(


Thank You,
Kevin Frazier
Bed Bath & Beyond
Database Administration
Office: 1-908-688-0888 x4666
Kevin.Frazier@bedbath.com

-----Lisa Del Rey/IT/Corporate/BBBY wrote: -----

To: Kevin Frazier/IT/Corporate/BBBY@BBBY
From: Lisa Del Rey/IT/Corporate/BBBY
Date: 07/15/2008 11:36AM
Subject:

whenever you want to go.... we can do a lap or two


Lisa Del Rey
IT/Voice Communications/Wireless
Bed Bath and Beyond
908-855-4426

BBB/F 000889

# Memo

| | |
|---|---|
| **From:** | Kevin Frazier |
| **Sent:** | Thursday, July 17, 2008 10:49 AM |
| **To:** | Lisa Del Rey |
| **Subject:** | Friday |

are we still doing lunch this Friday?


Thank You,
Kevin Frazier
Bed Bath & Beyond
Database Administration
Office: 1-908-688-0888 x4666
Kevin.Frazier@bedbath.com

BBB/F 000890

Calender Entry

# _ERROR_Reply

| Subject: | Re: Friday |
| --- | --- |
| Where | Location |

Great we are own

Thank You,
Kevin Frazier
Bed Bath & Beyond
Database Administration
Office: 1-908-688-0888 x4666
Kevin.Frazier@bedbath.com

Lisa Del Rey/IT/Corporate/BBBY
07/17/2008 10:52 AM

To
Kevin Frazier/IT/Corporate/BBBY@BBBY
cc

Subject
Re: Friday

i'm down

Lisa Del Rey
IT/Voice Communications/Wireless
Bed Bath and Beyond
908-855-4426

Kevin Frazier/IT/Corporate/BBBY
07/17/2008 10:49 AM

To
Lisa Del Rey/IT/Corporate/BBBY@BBBY
cc

BBB/F 000891

Subject
Friday

are we still doing lunch this Friday?

Thank You,
Kevin Frazier
Bed Bath & Beyond
Database Administration
Office: 1-908-688-0888 x4666
Kevin.Frazier@bedbath.com

BBB/F 000892

Calender Entry

# _ERROR_Reply

| | |
|---|---|
| **Subject:** | Re: Do not make plans for lunch Thursday |
| **Where** | **Location** |

OK Guys we are taking Rob to lunch Thursday at noon.

Rob, is Famous Dave's OK with u? or do want to go someonther place.... (We do not have enough time to take you to Joe's crab shack in Trenton...lol)


Thank You,
Kevin Frazier
Bed Bath & Beyond
Database Administration
Office: 1-908-688-0888 x4666
Kevin.Frazier@bedbath.com


Robert Aquilino/IT/Corporate/BBBY
07/30/2008 10:46 AM

To
Kevin Frazier/IT/Corporate/BBBY@BBBY
cc

Subject
Re: Do not make plans for lunch Thursday




Sounds good.


Thank you,
Rob Aquilino
IT-Technology Support Services
Office: 908-855-4406
Mobile: 908-400-4415

----- Original Message -----

From: Kevin Frazier
Sent: 07/30/2008 09:40 AM

BBB/F 000893

To: Robert Aquilino
Subject: Do not make plans for lunch Thursday

OK?   We want to take you to lunch???


Thank You,
Kevin Frazier
Bed Bath & Beyond
Database Administration
Office: 1-908-688-0888 x4666
Kevin.Frazier@bedbath.com

BBB/F 000894